<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CENTERPOINT GROUP LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-806 (GEB-DEA) |
| PEROT SYSTEM INC., and DELL INC., | ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) ) ) | |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the motion of defendants Perot System, Inc. and Dell, Inc. (collectively "Defendants" or "Perot" and "Dell," respectively) to dismiss plaintiff's complaint. (Doc. No. 10.) The motion is opposed. The Court has considered the parties' submissions and decided these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Court will grant Defendants' motion.

**I.    BACKGROUND**

This dispute concerns an agreement for professional services ("Agreement") and ancillary Statement of Work agreement ("Statement") between CenterPoint Group LLC ("CenterPoint"), an auditing and data management firm, and Perot Systems Inc. ("Perot"), a corporation that hired CenterPoint to analyze its expenditures and to recommend cost-reduction strategies. (Compl. at ¶¶ 6-8; Doc. No.1-1.)  Plaintiff CenterPoint brings this lawsuit alleging that Defendants are liable for damages arising from breach of contract or in the alternative, from promissory estoppel or unjust enrichment**.**

A.      Facts

The following relevant facts are taken from the complaint and for the purposes of this motion must be taken as true.  Perot hired CenterPoint to analyze its expenditures on office supplies and deliver reports of its findings as well as cost-reduction strategies. (Compl.at ¶¶ 6-8; Doc. No. 1-1.)  CenterPoint and Perot signed the Statement and Agreement on or about July 21, 2009. (Compl. at ¶¶ 9-9; Doc. No. 1-1.)  Together, the instruments provided that CenterPoint would analyze Perot's spending data and subsequently deliver to Perot a series of reports summarizing findings and offering recommendations for future expenditure reduction. (*Id*. at ¶¶ 10-12.)  Additionally, CenterPoint would continuously analyze Perot's expenditures and deliver monthly reports detailing the savings Perot was realizing as a result of having implemented CenterPoint's recommendations. (Compl., Ex. B at ¶ 4; Doc. No.1-3.)

In consideration for CenterPoint's services, Perot agreed to pay 35% of its realized savings to CenterPoint for an initial two-year term ("initial term"). (Compl. at ¶¶ 15-16; Doc. No.1-1.)  However, the 35% charge was contingent upon CenterPoint's projected savings for Perot surpassing 10% of its annual expenditures and Perot subsequently implementing one or more of CenterPoint's recommendations for cost reduction. (*Id*. at  ¶¶ 12-14.)  The Statement specified that in the event CenterPoint projected a greater than 10% savings, Perot would implement one of CenterPoint's recommendations. (*Id*. at ¶¶ 12-15.)  The Statement also specified that:

> If such termination occurs during the Initial Term, Perot Systems will pay for
> Services rendered by Supplier to the date of termination and Charges that
> would've been owed for the remainder of the Initial Term

(Compl., Ex. B at ¶ 8; Doc No. 1-3.)

On or about October 15, 2009, CenterPoint delivered to Perot a report on Perot's office

supply expenditures, which included a recommendation to reduce costs. (Compl. at ¶ 18; Doc. No. 1-1.) CenterPoint recommended that Perot establish a fixed-price contract with CenterPoint's office-supplies vendor, subject to Perot's confirmation and CenterPoint's subsequent preparation of a savings proposal. (Compl., Ex. C at 10; Doc. No. 1-4.) CenterPoint projected that implementation of the recommendation would save Perot $156,377.23 on a $1,069,799.29 annual office supply expenditure, representing a 14.6% reduction, and it asserts, triggering a mandatory implementation provision. (*Id*. at ¶¶ 19-23.) CenterPoint thus expected to receive 35% of $156,377.23 for two years, totaling $109,464.06. (*Id*. at ¶ 28.) Because it was acquired by Dell, Perot terminated its contract with CenterPoint. (*Id*. at ¶ 25) CenterPoint claims that it fully performing its contractual obligations to Perot, and that Perot informed CenterPoint that it would not be sending payment. (*Id*. at ¶ 29.) Neither Perot nor its successor Dell has rendered payment in any amount. (*Id*. at ¶ 29.)

     **B.**     **Procedural History**

Plaintiff commenced this action on February 16, 2010, by filing a three-count complaint against Perot and Dell. It seeks to recover the $109,464.06 it allegedly expected to receive, plus interest and other equitable and just relief under claims for: (1) breach of contract; (2) promissory estoppel; and (3) unjust enrichment. Each cause of action arises under Texas state law, as established by the Agreement's choice-of-law provision. (Defs.' Br. at 6; Doc. No. 10.)

On March 22, 2010, Defendants filed the present motion to dismiss. Plaintiff opposes this motion and requests that the court deny the motion outright or alternatively, afford Plaintiff leave to amend its complaint so as to raise parol evidence that Perot agreed to render monthly payments to CenterPoint throughout the initial term. (Pl.'s Opp'n at 13-14; Doc. No. 14.)

## II.  DISCUSSION

Defendants filed a motion to dismiss Plaintiff's complaint, arguing that Plaintiff's breach of contract claim fails as a matter of law because the claim is premised on the incorrect interpretation of payment provisions. (Defs.' Br. at 8-9; Doc. No. 1-1.)  The parties agree that upon Perot's termination, the Statement required Perot to pay "[c]harges that would've been owed for the remainder of the Initial Term." (Defs' Br. at 9; Doc. No. 10 (citing Compl., Ex. B at ¶ 9; Doc. No. 1-3.))  However, CenterPoint alleges that Perot is obliged to render payment for services received, despite having never implemented CenterPoint's recommendation and realized the projected savings. (Pl.'s Br. at 12; Doc. No. 14.)  Defendants argue that the contract unambiguously contemplates Plaintiff's entitlement to 35% of Perot's actual, realized savings only – not the projected, unrealized savings on which Plaintiff's claim relies. (Defs.' Br. at 8-9; Doc. No. 10.)   Defendants also argue that the Agreement's limitation of liability provision expressly bars recovery of the type of damages Plaintiff seeks. (Defs.' Reply at 6-8; Doc. No. 17.) The provision states:

> NEITHER PARTY SHALL BE LIABLE TO THE OTHER PURSUANT TO THIS AGREEMENT FOR ANY AMOUNTS REPRESENTING LOSS OF PROFITS, LOSS OF BUSINESS OR INDIRECT, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES OF THE OTHER PARTY. THE FOREGOING SHALL NOT LIMIT THE INDEMNIFICATION, DEFENSE AND HOLD HARMLESS OBLIGATIONS SET FORTH IN THIS AGREEMENT.

(Compl., Ex. A ¶ 11; Doc. No. 1-2.)

Defendants also move to dismiss Plaintiff's alternative pleadings.  They move to dismiss Plaintiff's promissory estoppel claim on the grounds that Plaintiff's reliance is premised on the same misinterpretation of unambiguous contractual language as is central to Plaintiff's claim for

contract breach. (Defs.' Br. at 10; Doc. No. 10.) Additionally, Defendants argue that a promissory estoppel cause of action necessarily presumes that no contract exists between parties. They allege the Statement and Agreement established an enforceable contractual relationship, thus rendering a promissory estoppel claim inappropriate. (*Id*. at 10-11.) Defendants move to dismiss Plaintiff's unjust enrichment claim on the grounds that it relies on the same misinterpretation that afflicts Plaintiff's first and second claims, that unjust enrichment is not an independent cause of action, and that such a claim presumes the non-existence of an express contract. (*Id*. at 11.)

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231

(3d Cir. 2008).   In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

    B.    Application

        1.    *Count One: Breach of Contract*

Plaintiff's first cause of action alleges that Dell and Perot's failure to pay a fee of 35% of predicted total savings from implementation of CenterPoint's cost-cutting recommendations constitutes breach of contract. (Compl. at ¶¶ 31-33; Doc. No. 1-1.)  Defendants contest this claim, arguing that "CenterPoint's right to claim a fee is dependent, *inter alia*, on a 'new vendor(s) pricing agreement' that results in actual, documented savings." (Defs.' Reply at 3; Doc. No. 17.)  The clear language of the contract supports the interpretation Defendants propound.  Taking Plaintiff's well-pleaded allegations in its complaint as true, the Court cannot conclude that the clear language of the contract renders Plaintiff's claims plausible.  *Iqbal*, 129 S. Ct. at 1949.

Recovery for breach of contract under Texas law requires: (1) a valid contract; (2) performance; (3) breach; and (4) resulting damages. *Southwest Electronics Indus., Inc. v. Fair-Rite Products Corp.*, No. 05-07-00171-CV, 2008 WL 2358226, at *2 (Tex. App. June 11, 2008). The parties are in agreement that a valid contract existed.  Thus, the first element is present. Texas Law urges courts to construe written instruments in their entirety and from a utilitarian perspective.  *Frost Nat'l Bank v. L&F Distribs., Ltd.,* 165 S.W.3d 310, 311-12 (Tex. 2005).  A utilitarian perspective seeks to optimize business activity.  *Id*.  Viewing the plain language of the Statement in this light and accepting Plaintiff's factual allegations as true, the Court cannot

conclude that Perot was obliged to implement Plaintiff's recommended savings options, absent Plaintiff's further performance. Plaintiff did not prepare the "related savings proposal," nor provide any other services necessary for Perot to successfully implement Plaintiff's savings recommendations. (Compl., Ex. C at 10; Doc. No. 1-4.) In short, no payment was required unless actual office supply savings were realized. The performance element of the recovery for breach of contract test falls short, thus the third element – breach – is absent as well. The Court cannot reasonably infer that Defendants are liable for the misconduct Plaintiff alleges. *Iqbal*, 129 S. Ct. at 1949. Regarding the fourth element, Plaintiff has not pled sufficient factual content for the Court to infer that the unambiguous limitation of liability provision does not preclude recovery. (Compl., Ex. A ¶ 11; Doc. No. 1-2.) Plaintiff therefore fails to show resulting damages. Absent Plaintiff's plausible allegations of three requisite elements for recovery, Defendants' motion to dismiss Plaintiff's claim for relief on a breach of contract theory will be granted.

       2.     *Counts Two and Three: Promissory Estoppel and Unjust Enrichment*

Plaintiff claims in the alternative a right to relief on theories of promissory estoppel and unjust enrichment. Defendant moves to dismiss these claims, alleging *inter alia* that both promissory estoppel and unjust enrichment claims are mutually exclusive with the existence of a valid contract and that unjust enrichment is not an independent cause of action. (Defs.' Reply at 9; Doc. No. 17.) The Court agrees with Defendants. Under Texas law, "If . . . a valid contract between parties the parties covers the alleged promise, the plaintiff cannot recover for the promise under promissory estoppel." *Fertic v. Spencer*, 247 S.W.3d 242, 250 (Tex. App. 2007). Similarly, recovery on a theory of unjust enrichment presumes that no express contract exists. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684. "Generally speaking, when a valid, express

contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." *Id*. Further, unjust enrichment is "an element of an action for restitution" and not an independent cause of action under Texas law. *Bernett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 815 (Tex. App. 2003). Because both parties agree that a valid contract existed, as does the Court, Defendants' motion to dismiss Plaintiff's second and third claims will be granted, in accordance with Federal Rule of Civil Procedure 12(b)(6).

### 3. *Plaintiff's Alternative Request to Amend Complaint*

In the alternative, Plaintiff's response and opposition to Defendants' motion to dismiss moves, in the alternative, for leave to amend its complaint. (Pl.'s Opp'n at 15-16; Doc. No. 14.) Defendants oppose the motion as futile. (Defs.' Reply at 9; Doc. No 17.) The Court agrees with Defendants' argument, as the parol evidence Plaintiff seeks to raise in its proposed amended complaint (Pl.'s Opp'n, Ex. E at ¶¶ 30-31) adds nothing to the unambiguous language of the contract. Therefore, Plaintiff's motion for leave to file an amended complaint will be denied.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 10) will be granted and Plaintiff's motion for leave to file an amended complaint (Doc. No. 14) will be denied. An appropriate form of order is filed herewith.

Dated: June 15, 2010

                                             s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.